UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATERYNA BAYUK,

    Plaintiff,

v.                                                    Case No. 8:18-cv-00163-T-SPF

JOANNA PRISIAJNIOUK,

    Defendant.
_____/

## ORDER

Before the Court is Defendants' (sic) Motion for Attorney Fees Pursuant to FS §772.11(1) and Incorporated Memorandum of Law in Support Thereof. (Doc. 55). Plaintiff's reliance on Section 772.11(1) is misplaced. As the Court previously found, Delaware law, not Florida law, applied to Plaintiff's claim for civil theft. (Doc. 54 at 7) ("Plaintiff's tort claims will be analyzed under the applicable Delaware law."). Nevertheless, even if Florida law applied, Defendant would not be entitled to attorney's fees. A "defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. Ann. § 772.11(1). While the Court's Summary Judgement Order (Doc. 54) was adverse to Plaintiff, "it does not necessarily follow that [her] civil theft claim was without substantial factual or legal support . . ." *Sher v. Countrywide Home Loans, Inc.*, 848 So. 2d 1246, 1249 (Fla. Dist. Ct. App. 2003). It is undisputed that Defendant withdrew the entire balance of the Discover CD without

Plaintiff's authorization. Plaintiff relied on *Banks v. Banks*, 135 A.3d 311, 316 (Del. Ch. 2016), for the proposition that under Delaware law a joint tenant owned an undivided proportional interest over the property for purposes of "alienation and forfeiture" (Doc. 37 at 5). While the Court found *Banks* to not be applicable, it cannot be said that Plaintiff was without substantial factual and legal support for her claim. *See Denson v. Stack*, 997 F.2d 1356, 1362 (11th Cir. 1993) ("Even though [plaintiff] was not victorious in his civil theft claim, there was substantial factual and legal support for it.").

Accordingly, Defendants' (sic) Motion for Attorney Fees Pursuant to FS §772.11(1) and Incorporated Memorandum of Law in Support Thereof (Doc. 55) is denied.

ORDERED, in Tampa, Florida, on October 10, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE